## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Joseph Curry | : | |
| 144 Montgomery Ave., Apt. C4 | : | |
| Boyertown, PA 19512 | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 14-5253 |
| | : | |
| v. | : | |
| | : | |
| Brianne Yachera, a.k.a. Brianne Glad, | : | |
| individually as Trooper for the Pennsylvania | : | |
| State Police | : | |
| 1800 Elmerton Ave. | : | |
| Harrisburg, PA 17110 | : | |
| | : | |
| And | : | |
| | : | **JURY TRIAL DEMANDED** |
| Richard McClure, individually and in his | : | |
| official capacity as Detective for the Exeter | : | |
| Township Police Department | : | |
| 4975 DeMoss Rd. | : | |
| Reading, PA 19606 | : | |
| | : | |
| And | : | |
| | : | |
| Exeter Township | : | |
| d/b/a Exeter Township Police Department | : | |
| 4975 DeMoss Rd. | : | |
| Reading, PA 19606 | : | |
| | : | |
| And | : | |
| | : | |
| Kerrie Fichter, individually and in her | : | |
| official capacity as Asset Protection for | : | |
| Wal-Mart Stores, Inc. & Wal-Mart | : | |
| Stores East, L.P., a.k.a. Walmart | : | |
| 702 SW 8th St. | : | |
| Bentonville, AR 72716 | : | |
| | : | |
| And | : | |
| | : | |
| Wal-Mart Stores, Inc., a.k.a. Walmart | : | |
| 702 SW 8th St. | : | |
| Bentonville, AR 72716 | : | |

|  | : |
| --- | --- |
| And | : |
|  | : |
| Wal-Mart Stores East, L.P., a.k.a. Walmart | : |
| 702 SW 8th St. | : |
| Bentonville, AR 72716 | : |
|  | : |
| And | : |
|  | : |
| John Does 1-10 | : |
|  | : |
| Defendants. | : |

## FIRST AMENDED CIVIL ACTION COMPLAINT

### I.   Jurisdiction and Venue

1. Jurisdiction in this Honorable Court is based on federal question conferred by 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 USC §1367.

2. Venue lies in this district in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, and/or does business here, and/or the property which is the subject of this action is situated within this district.

### II.   Parties

3. Plaintiff, Joseph Curry, is an adult individual, currently residing at the above captioned address.

4. Defendant, Brianne Yachera, also known as Brianne Glad, is an adult individual who, at all times material, acted individually, and/or as an agent, servant, workman, and/or employee of the Pennsylvania State Police, in her capacity as a State Trooper, acting under color of State law.

5. Defendant, Richard McClure, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of Exeter Township Police Department, as well as in his official capacity a detective, acting under color of State law.

6,  Defendant, Exeter Township is a municipal located within Berks County, doing business as Exeter Township Police Department.

7.  Defendant, Kerrie Fichter, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of Defendant, Wal-Mart Stores, Inc., doing business at the above-captioned address.

8.  Defendants, Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P., also known as Walmart (collectively throughout, "Wal-Mart"), is a corporation by virtue of the laws of the State of Arkansas, with its headquarters and principal place of business located at the above-captioned address.

9.  Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred there from. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below. Upon information and belief, Defendants, John Does, were agents, servants, workmen, or employees of Co-Defendant, liable to Plaintiff hereunder.

### III. Operative Facts

10.  Around Fall 2012, Plaintiff discovered a newspaper article stating that a warrant had been issued for Plaintiff's arrest resulting from theft at Defendant, Wal-Mart at 1901 Mill Creek Road in Lower Macungie Township.

11.  In fact, the person who had committed the theft was Christopher Heller. Plaintiff and Heller do not look remotely alike. Heller had short hair and/or was bald and heavyset. Plaintiff was skinny with long hair and tattooed sleeves on his arms.

12.     Plaintiff immediately knew there was a mistake because he had never been to subject Wal-Mart.

13.     Upon discovering the warrant for his arrest, Plaintiff called Defendant, Wal-Mart and spoke to Defendant, John Doe, security personnel.  Knowing he was actually innocent, Plaintiff pleaded with John Doe security personnel to review store surveillance video and absolve Plaintiff.  Wal-Mart personnel refused.

14.     Upon information and belief, Defendant, Wal-Mart security personnel Kerrie Fichter incorrectly identified Plaintiff.

15.     Plaintiff then called the Pennsylvania State Police and spoke to Defendant, Brianne Yachera.  Plaintiff again explained that he was actually innocent and had never been to the subject Wal-Mart. Plaintiff pleaded that with minimal investigation, Yachera would easily conclude that Plaintiff had not committed theft.

16.     Yachera ignored and unsympathetically responded that it was "up to the courts to figure it out" and "you're going to jail – that's how it is."

17.     On or about October 29, 2012, Plaintiff was arrested and charged with theft by deception – false impression and conspiracy.  Unable to afford bail, Plaintiff was imprisoned in Lehigh County.

18.     On or about November 14, 2012, Plaintiff was additionally charged with theft by deception-false imprisonment by Exeter Township Police Department Defendant, Detective Richard McClure – claiming Plaintiff was part of a larger ring of theft.

19.     Upon information and belief, McClure conducted no meaningful investigation prior to or after arrest.

20. Nevertheless, McClure called Plaintiff's then fiancée accusing Plaintiff of theft and threatening further consequences for lack of cooperation.

21. Finally, after two (2) months or so in prison, Plaintiff met with McClure before his criminal hearing – McClure admitted Plaintiff was actually innocent after all.

22. McClure profusely apologized, and said he would do whatever he could to help.

23. Around February 2013, the charges brought by McClure were dismissed.

24. The charges brought by Yachera, however, remained; Plaintiff was informed that he would need to wait until September 2013 for his case to proceed.

25. By now, Plaintiff had been in prison for three months for crimes he did not commit. Plaintiff missed the birth of his only child and had his employment terminated. Plaintiff and his family were in further danger of losing their home and motor vehicle.

26. Given the aforesaid, Plaintiff entered a plea of nolo contendere to theft by deception – false impression and conspiracy brought by Yachera in order to be released and return home to his family.

27. Plaintiff was and is "actually innocent."

28. To perpetuate its misconduct, Defendant Wal-Mart and its employees clothed themselves with color of state authority through the use of Defendant, Pennsylvania State Police and Exeter Township Police Department. Wal-Mart, Pennsylvania State Police and Exeter Township Police Department arrested and/or coordinated by mutual agreement Plaintiff's arrest, without probable or any cause. As a consequence of the aforesaid, Plaintiff suffered a deprivation of liberty consistent with the concept of a seizure.

29. The conduct of Defendants was part of a custom, policy and/or practice and these customs, policies or practices caused the violations of Plaintiff's rights. Specifically, Defendants

arrest, imprison, and prosecute citizens without probable nor any cause – or any meaningful investigation whatsoever.

  **IV.**  **Causes of Action**

**COUNT I**
**Malicious Prosecution/False Arrest/False Imprisonment**
**(Federal and State Law)**
**(Plaintiff vs. All Defendants)**

30. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

31.  At the time of Defendants' investigation, arrest, charges, and imprisonment, Plaintiff had not committed any infraction giving rise to probable cause/reasonable suspicion and/or to legally justify the incarceration and charges.

32.  Defendants Wal-Mart and its employees – including Defendant Fichter failed to advise the Defendant police that Plaintiff was actually innocent.  On the contrary, Wal-Mart and Fichter falsely reported that Plaintiff had committed retail theft – which Wal-Mart and Fichter knew to be untrue.

33.  Defendants, Yachera, McClure, and Exeter Township then failed to investigate Wal-Mart's baseless accusations, and instead filed criminal charges without any probable cause nor reasonable suspicion.  No meaningful investigation occurred whatsoever – as proven by the fact that Plaintiff and the actual perpetrator of the underlying retail theft do not look remotely alike.

34.  Defendants' actions stated above, *inter alia,* were committed under color of state law and were violations of Plaintiff's clearly established and well-settled Constitutional and other legal rights.

35.     Defendants caused Plaintiff to suffer a malicious prosecution and/or false arrest by their wrongful conduct in subjecting Plaintiff to false criminal charges, all in violation of the Fourth and Fourteenth Amendments to the United States Constitution, and State law.

36.     Defendants instituted criminal action against Plaintiff by way of failing to properly investigate and by furthering Plaintiff's arrest and incarceration.

37.     Plaintiff was seized from the time he was arrested through the time he was imprisoned.

38.     Defendants did not have probable nor any cause to arrest, charge, and/or accuse Plaintiff of the criminal acts.

39.     The criminal action filed by Exeter Township Police Department Defendant, Detective Richard McClure terminated in Plaintiff's favor.

40.     Defendants were in violation of the Fourth and Fourteenth Amendments of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., as well as common law.

### COUNT II
### Negligence/Negligent Supervision
### (Plaintiff vs. Wal-Mart and Fichter)

41.     Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

42.     Defendant, Wal-Mart employee Fichter is an agent, servant, workperson, and/or employee of Defendant, Wal-Mart.

43.     Monitoring for theft is within the scope of the Fichter's employment.

44.     Fichter negligently and falsely reported that Plaintiff had committed retail theft – which Fichter knew to be untrue.

45.     As a direct result of Defendants' intentional, negligent, careless, and/or reckless misconduct, as described herein, Defendants caused Plaintiff to be personally and financially

damaged and/or injured, all of which may be permanent, ongoing and/or an aggravation of a pre-existing condition(s), including, but not limited to:

a. humiliation, embarrassment, emotional distress;

b. financial injury;

c. attorneys fees, expenses and costs;

d. such other and further injury as may be revealed through continuing discovery and/or at trial.

### V.     Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in his favor and against Defendants, individually, jointly and/or severally, in an amount in excess of seventy-five thousand dollars ($75,000), plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

a. Statutory damages;
b. Compensatory damages, including;
   i. Actual damages for financial and physical injuries, including but not limited to wage loss and loss of earning capacity, and emotional distress;
   ii. Attorneys' fees and expenses, and costs of suit.
c. Injunctive relief, including;
   i. Monitoring and training.

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
David A. Berlin, Esquire
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Joseph Curry | : | |
| 144 Montgomery Ave., Apt. C4 | : | |
| Boyertown, PA 19512 | : | |
| | : | |
| Plaintiff, | : | NO.: 14-5253 |
| | : | |
| v. | : | |
| | : | |
| Brianne Yachera, a.k.a. Brianne Glad, | : | |
| individually as Trooper for the Pennsylvania | : | |
| State Police, et al. | : | |
| 1800 Elmerton Ave. | : | |
| Harrisburg, PA 17110 | : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 1st day of December, 2014, a true and correct copy of the foregoing Plaintiff's First Amended Civil Action Complaint was served via ECF, upon the following parties:

Barry N. Kramer, Esquire
PA Office of Attorney General
21 South 12th Street, 3rd Floor
Philadelphia, PA 19107

Sheryl L. Brown, Esquire
Michael E. Truncellito, Esquire
Siana Bellwoar & McAndrew, LLP
941 Pottstown Pike, Suite 200
Chester Springs, PA 19425

Patrick J. McDonnell, Esquire
Jacqueline M. Lowthert, Esquire
McDonnell & Associates
860 1st Avenue Suite 5B
King of Prussia, PA 19406

**WEISBERG LAW**

<u>/s/ Matthew B. Weisberg</u>
Matthew B. Weisberg, Esquire
Attorney for Plaintiff