IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **JOSEPH CURRY,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 14-5253 |
| | : | |
| **BRIANNE YACHERA, et al.,** | : | |
| Defendants. | : | |

**M E M O R A N D U M**

**Stengel, J.**                                                                                                 **March 12, 2015**

Joseph Curry claims he was falsely arrested for and convicted of a retail theft he did not commit. He brings this § 1983 action with related state law claims against the retail store, its employees, and the officers involved in his arrest. The defendants have moved to dismiss his claims. As explained below, I will grant the defendants' motions.

### I.     BACKGROUND[1]

Mr. Curry's complaint offers a disconcerting set of facts. In Fall 2012, Mr. Curry discovered a newspaper article stating he had an outstanding warrant for his arrest. The warrant was related to a theft at a WalMart located at 1901 Mill Creek Road in Lower Macungie Township, Pennsylvania. Curry had allegedly never been to that WalMart location. WalMart security personnel Kerrie Fitcher had allegedly identified the plaintiff as the perpetrator.

---

[1] The information contained in this section is taken from the plaintiff's first amended complaint. Doc. No. 24.

1

Curry called the Lower Macungie WalMart and spoke with security personnel, John Doe. He explained that he had not committed the theft. He asked John Doe to review the store surveillance video. John Doe refused.

Curry then allegedly called the Pennsylvania State Police. He spoke with Brianne Yachera, a state trooper. Curry explained that he was innocent and had never been to the Lower Macungie WalMart. He asked Yachera to investigate further. She allegedly responded that it was "up to the courts to figure it out." She told Curry, "[Y]ou're going to jail—that's how it is."

On October 29, 2012, Curry was arrested and charged with theft by deception—false impression and conspiracy. Unable to afford bail, Curry was imprisoned in Lehigh County. On November 14, 2012, Curry was also charged with theft by deception—false imprisonment by Exeter Township Police Department Detective Richard McClure. McClure claimed Curry was a part of a larger theft ring. McClure allegedly conducted no meaningful investigation prior to charging Curry. McClure also allegedly called Curry's then fiancée accusing him of theft and threatening further consequences if he failed to cooperate.

Two months later, McClure met with Curry in prison. McClure admitted that Curry was actually innocent, apologized profusely, and said he would do whatever he could to help. In or around February 2013, the charges brought by McClure were dismissed. Curry still remained in jail on the charges brought by Yachera. He was told he would need to wait until September 2013 for his case to proceed.

During his imprisonment, Curry missed the birth of his only child and lost his job. He and his family were also in jeopardy of losing their home and car. Curry decided to plead nolo contendere to theft by deception—false impression and conspiracy so that he could return home to his family.

Curry alleges that WalMart and its employees "clothed themselves with color of state authority through the use of Defendant, Pennsylvania State Police and Exeter Township Police Department." He claims that WalMart coordinated with the police entities to arrest the plaintiff without probable cause.

According to the complaint, the person responsible for the WalMart theft was a man named Christopher Heller, who looks nothing like the plaintiff. Heller had little to no hair and was heavy-set. Curry is skinny with long hair and tattooed sleeves on his arms. Curry contends there is surveillance video to show Heller was the perpetrator. Curry continues to claim he is "actually innocent."

On September 12, 2014, Curry filed this action against State Trooper Yachera, Detective McClure, Exeter Township (d/b/a Exeter Township Police Department), Kerrie Fitcher, John Does, and both "WalMart Stores, a.k.a WalMart" and "WalMart Stores East, L.P. a.k.a. WalMart."[2] Yachera is being sued in his individual, not official, capacity. McClure and Fitcher are being sued in both their individual and official capacities. Curry alleges claims of malicious prosecution/false arrest/false imprisonment under state and federal law against all defendants. These claims are made pursuant to § 1983, the Fourth

---

[2] The relationship between these two entities is unclear. WalMart East makes an argument that it was not properly served. The plaintiff asked to perfect service in the event the court finds this deficiency warrants dismissal. Since I am dismissing the complaint for other reasons, there is no need to address the nuances of this argument or request.

3

Amendment, and the Fourteenth Amendment. The plaintiff also makes an implicit Monell claim against all defendants. Against WalMart and Fitcher only, Curry asserts a claim of negligence/negligent supervision.

The plaintiff subsequently filed an amended complaint.[3] All defendants have moved to dismiss the amended complaint under Rule 12(b)(6).[4] The plaintiff conceded that the Monell claim and the claims against Exeter Township should be dismissed. I agree that these claims are deficient. They will be dismissed. I will address the defendants' motions together in this memorandum since some of their arguments overlap.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint.[5] Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations must be sufficient to make the claim for relief more than just speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether to grant a motion to dismiss, a federal court must accept all factual allegations in the complaint as

---

[3] The amended complaint mooted the defendants' previously-filed motions to dismiss. See Doc. No. 26.

[4] Yachera, McClure and Exeter Township, and Fitcher and WalMart have each filed a motion. See Doc. No. 25, 27, 29, 35, 36.

Yachera also moved to dismiss based on Rule 12(b)(1). She argued that the Eleventh Amendment prohibits federal subject matter jurisdiction over her in her official capacity. Because Yachera is not being sued in her official capacity, this argument is irrelevant.

[5] In deciding a motion to dismiss, the court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). The court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. Id.

true and draw all reasonable inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which she bases her claim. Conley, 355 U.S. at 47. Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id. The "complaint must allege facts suggestive of [the proscribed] conduct." Twombly, 550 U.S. at 564. Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Se. Pa. Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995). The claim must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).

A court "may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Brown v. Card Serv. Ctr., 464 F.3d 450, 456 (3d Cir. 2006)(quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

### III. DISCUSSION[6]

#### A. The Heck Bar to Plaintiff's § 1983 Claims

---

[6] The complaint asserts that this court has federal question jurisdiction under 28 U.S.C. § 1331. This court would also have supplemental jurisdiction over the plaintiff's state law claims under 28 U.S.C. § 1367. Venue is appropriate in this district under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claim occurred here and at least one defendant resides here.

The defendants argue that Heck v. Humphrey, et al. bars the plaintiff's § 1983 claims attacking his conviction.[7] In Heck, the Supreme Court held that a plaintiff could not recover damages under § 1983 for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid." 512 U.S. 477, 486-87 (1994). The Supreme Court was concerned that a plaintiff's §1983 case could implicitly invalidate the plaintiff's conviction without utilizing the appropriate processes.[8] Id. at 484-87. Without a showing that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254," a plaintiff cannot recover damages related to an allegedly unconstitutional conviction or imprisonment.[9] Id. at 487.

---

[7] The plaintiff argues that the defendants cannot invoke Heck at the motion to dismiss stage. He cites to two cases that are not binding on this court: Friedman v. Lansdale Parking Auth., 151 F.R.D. 42 (E.D. Pa. 1993); Connors v. Graves, 538 F.3d 373 (5th Cir. 2008). I fail to see how either makes his point. Heck can be applied during the motion to dismiss stage. See, e.g., Williams v. Consovoy, 453 F.3d 173, 177–78 (3d Cir. 2006)(affirming a motion to dismiss based on Heck).

[8] See also Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead." (citing Heck and other cases)(citations omitted)).

[9] Unlike the majority of Circuits, the Third Circuit has construed this "favorable termination requirement" narrowly. See Deemer v. Beard, No. 13–1986, 557 Fed.Appx. 162, 165 (3d Cir. Feb. 27, 2014)("Taking a cue from the five-justice Spencer plurality, seven courts of appeals have found that the Heck favorable termination rule does not apply to plaintiffs for whom federal habeas relief is unavailable, at least where the plaintiff is not responsible for failing to seek or limiting his own access to the habeas corpus remedy. We have not adopted this approach. We, along with three other courts of appeals, have declined to follow the concurring and dissenting opinions in Spencer, and have interpreted Heck to impose a universal favorable termination requirement on all § 1983 plaintiffs attacking the validity of their conviction or sentence. (citing Williams v. Consovoy, 453 F.3d 173, 177–78 (3d Cir. 2006); Gilles v. Davis, 427 F.3d 197, 209–10 (3d Cir.2005), and precedent from the 1st, 5th, and 8th Circuits) (citations omitted)). See Spencer v. Kemna, 523 U.S. 1, 21-22 (1998).

1. **Charges Brought by Yachera[10]**

The plaintiff entered a plea of nolo contendere for the charges brought by Yachera. Though nolo contendere is a "no contest" plea, it is "equivalent to a plea of guilty" in Pennsylvania. U.S. v. Poellnitz, 372 F.3d 562, 568 (3d Cir. 2004)(quoting Eisenberg v. Commonwealth, 516 A.2d 333, 335 (Pa. 1986)).[11] The only difference between a guilty plea and a plea of nolo contendere is that the nolo plea "cannot be used against the defendant as an admission in any civil suit for the same act."[12] Id. In the Third Circuit, a plea of nolo contendere is considered a conviction under Heck. See Marable v. West Pottsgrove Twp., No. 05-3080, 176 Fed.Appx. 275, 280-81 (3d Cir. Apr. 19, 2006); Marable v. West Pottsgrove Twp., No. Civ.A.03–CV–3738, 2005 WL 1625055, at *7 (E.D. Pa. Jul. 8, 2005)(finding that malicious prosecution and false arrest claims fail

---

[10] Yachera also argues that she cannot be sued under §1983 because she is not a "person" within its meaning. See, e.g., Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are "persons" under § 1983."). While it is true that a state official being sued in his/her official capacity is not considered a "person" under §1983, Yachera is being sued in her individual, not her official, capacity. This argument is irrelevant.

[11] See also United States v. Adedoyin, 369 F.3d 337, 344 (3d Cir. 2004)("It is true that a plea of nolo contendere is not an admission of guilt and thus the fact that a defendant made such a plea cannot be used to demonstrate that he was guilty of the crime in question. Nevertheless, a plea of nolo contendere has the same legal consequences as a plea of guilty and results in a conviction." (citations omitted)); Marable v. West Pottsgrove Twp., No. 05-3080, 176 Fed.Appx. 275, 280-81 (3d Cir. Apr. 19, 2006)(reaffirming that "a plea of nolo contendere 'is indisputably tantamount to a conviction.'" (quoting Poellnitz, 372 F.3d at 566)).

[12] Though a plea for nolo contendere is not intended to be used against the defendant as an admission of guilt in civil litigation under Federal Rule of Evidence 410, other courts have found that Rule 410 was not intended to preclude use of the plea in a § 1983 case claiming malicious prosecution. See Quagliarello v. Dewees, 802 F.Supp.2d 620, 631 (E.D. Pa. 2011)("This Court finds Walker and Domitrovich to be persuasive authority for the proposition that a former criminal defendant cannot use Rule 410 to preclude admission of a nolo contendere plea in a related civil action alleging malicious prosecution."); Domitrovich v. Monaca, No. 2:08cv1094, 2010 WL 3489137, at *4-5 (W.D. Pa. Sept. 1, 2010)(finding that plaintiff's nolo contendere plea barred his false arrest and malicious prosecution claims under Heck); Walker v. Schaeffer, 854 F.2d 138, 143 (6th Cir. 1988)("Rule 410 was intended to protect a criminal defendant's use of the nolo contendere plea to defend himself from future civil *liability*. We decline to interpret the rule so as to allow the former defendants to use the plea offensively, in order to obtain damages, after having admitted facts which would indicate no civil liability on the part of the arresting police.")(emphasis in original)).

because nolo contendere plea barred claim under Heck); Jackson v. City of Phila., et al., 08-4494, 328 Fed.Appx. 762, 763 (3d Cir. May 27, 2009)(finding that plaintiff's nolo contendere plea precluded relief for false arrest/false conviction claim under Heck).

The plaintiff has failed to show evidence that his conviction for the charges brought by Yachera were reversed, expunged, or invalidated. The plaintiff's malicious prosecution claim requires a showing of a favorable termination. See Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007)(citing Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003)).The plaintiff's false arrest and false imprisonment claims address the validity of the conviction itself—not the level of force used in his arrest or the conditions of his imprisonment.[13] See Sharif v. Picone, 740 F.3d 263, 269 (3d Cir. 2014)("[W]e held in Nelson v. Jashurek, that Heck does not bar an excessive force claim because the claim can stand without challenging any element of the conviction." (citing Nelson v. Jashurek, 109 F.3d 142, 145-46 (3d Cir. 1997)); Torres v. Fauver, 292 F.3d 141, 143 (3d Cir. 2002)("[T]he favorable termination rule does not apply to claims that implicate only the conditions, and not the fact or duration, of a prisoner's incarceration.").[14] Without evidence that his plea was invalidated, the plaintiff's success in this case would implicitly invalidate his arrest, imprisonment, and conviction without having used the proper state

---

[13] See also Burke v. Twp. of Cheltenham, 742 F.Supp.2d 660, 668-71 (E.D. Pa. 2010)(finding that plea barred false arrest and false imprisonment claims under Heck but did not bar Fourth Amendment violation of illegal strip search during arrest because implicated right to privacy).

[14] See also Garrison v. Porch, No. 08–2453, 376 Fed. Appx. 274, 277 (3d Cir. Apr. 26, 2010)("[A] conviction for resisting arrest does not necessarily preclude an arrestee for recovering damages on a § 1983 excessive force claim.")(citing Nelson, 109 F.3d at 145-46); Evans v. Poskon, 603 F.3d 362, 364 (7th Cir. 2010)(explaining how a §1983 claims challenging the force used in an arrest not the charge itself would not be barred by Heck).

court process to challenge his conviction.[15] See Heck, 512 U.S. at 487. The plaintiff's § 1983 claims for malicious prosecution, false arrest, and false imprisonment are legally barred by Heck.[16]

The § 1983 claims against Yachera must be dismissed for this reason. These charges relate to the theft at the Lower Macungie WalMart. If they are barred by Heck, the § 1983 claims against WalMart and Fitcher should also be dismissed.

### 2. Charges brought by McClure

The plaintiff was also charged by Detective McClure with theft by deception when he was already incarcerated on Yachera's charges. From what is alleged in the complaint, these charges appear to be distinct from Yachera's charges. While Curry was still incarcerated, McClure recognized that the plaintiff was innocent of the charges he had

---

[15] In Heck, the Supreme Court's "favorable termination" requirement drew from the tort of malicious prosecution, which required the same. See Heck, 512 U.S. at 484, 492-503 (Souter, J., concurring). Malicious prosecution is a tort distinct from false arrest and false imprisonment. See Heck, 512 U.S. at 483; Johnson v. Knorr, 477 F.3d 75, 82, 85 (3d Cir. 2007); Kokinda v. Breiner, 557 F.Supp.2d 581, 591 (M.D. Pa. 2008)(citing Johnson, 477 F.3d at 85 and Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3d Cir. 1994)). However, Heck may also serve as a bar to § 1983 false arrest and false imprisonment claims when the plaintiff has been convicted. See, e.g., Jackson v. City of Phila. Police Dept., No. 08-4494, 328 Fed.Appx. 762, 762-63 (3d Cir. May 27, 2009)(affirming dismissal of plaintiff's false arrest and false detention claims under § 1983 because nolo contendere plea barred recovery under Heck); Rosembert v. Borough of East Lansdowne, 14 F.Supp.3d 631, 641 (E.D. Pa. 2014)("Plaintiff's claims for unlawful search and false arrest are barred by Heck."); Reynolds v. Smythe, 418 F.Supp.2d 724, 730 (E.D. Pa. 2006) ("Pursuant to Heck, this Court concludes that the *nolo contendere* plea bars plaintiff from recovering damages under § 1983 for unlawful detention, false arrest, malicious prosecution, and retaliation."); Donahue v. Pennsylvania, No. 3:CV–13–1282, 2013 WL 3945985, at *11 (M.D. Pa. Jul. 30, 2013)("[I]nsofar as Plaintiff is challenging his arrest and detainment, these constitutional claims are Heck barred.")(discussing Marable v. Pottsgrove Twp., 176 Fed.Appx. 275, 281 (3d Cir. 2006)). See also Marable, 176 Fed.Appx. at 281; Godfrey v. Pennsylvania, No. 13–1188, 525 Fed.Appx. 78, 80 n. 2 (3d Cir. May 15, 2013)(explaining how the Heck favorable termination rule would bar false arrest claim (citing Wallace v. Kato, 549 U.S. 384, 393–94, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007) and Wilkins v. DeReyes, 528 F.3d 790, 801 n. 6 (10th Cir. 2008)("[T]he Heck favorable termination requirement does not apply to false arrest claims in the absence of an existing conviction....")).

[16] The plaintiff claims that Heck is not a bar to his claims but does not explain why. He cites DiBella v. Borough of Beachwood, 407 F.3d 599 (3d Cir. 2005), to support this point. In DiBella, however, the plaintiffs *did* receive a favorable termination. Though the trial court convicted them, the appellate court reversed and "all charges were dismissed." Id. at 600. This case is not helpful.

brought. The charges were dropped. Unlike Yachera's charges, Curry was not convicted of McClure's charges. Heck does not bar the § 1983 claims against McClure.

### B. § 1983 Claims Against McClure

#### 1. Malicious Prosecution Unviable Because No Seizure

To state a *prima facie* case for malicious prosecution under § 1983 and the Fourth Amendment, the plaintiff must establish that:

> (1) the defendant initiated a criminal proceeding;
> (2) the criminal proceeding ended in his favor;
> (3) the defendant initiated the proceeding without probable cause;
> (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and
> (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. [17]

Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007)(citing Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003)).

The complaint alleges that McClure initiated a criminal proceeding by filing criminal charges against the defendant without probable cause. McClure allegedly conducted no investigation and later admitted the Curry was actually innocent. These allegations are enough to satisfy the first and third elements of the claim.

The dismissal of the charges brought by McClure would be considered a termination in his favor, satisfying the second element. A dismissal of charges based on insufficient evidence of guilt is considered a favorable termination. Taylor v. Winters,

---

[17] Under Pennsylvania common law, a plaintiff need not show the final element—a deprivation of liberty. See Corrigan v. Central Tax Bureau of Pa., Inc., 828 A.2d 502, 505 (Pa.Cmwlth.Ct. 2003). See also Merkle v. Upper Dublin School Dist., 211 F.3d 782, 792 (3d Cir. 2000)(explaining how § 1983 claim required more than original common law tort elements after Albright v. Oliver, 510 U.S. 266 (1994)).

No. 04-1201, 115 Fed. Appx. 549, 552 (3d Cir. Oct. 14, 2004)("[I]f the defendant is discharged after abandonment of the charges by the prosecutor, this is sufficient to satisfy the requisite element of prior favorable termination of the criminal action." (quoting Haefner v. Burkey, 626 A.2d 519, 521 (Pa. 1993)(quotation marks omitted)).[18]

McClure argues that Curry's nolo plea to Yachera's charges should also bar his liability for bringing similar charges. It is not alleged that the charges brought by Yachera and McClure involved the same theft at the Lower Macungie WalMart. Instead, McClure's charges appear to implicate Curry in presumably another theft or thefts committed by a larger theft ring in Exeter Township. Curry's plea to Yachera's charges would not necessarily serve as a plea to his already dismissed Exeter charges.

McClure argues that the fourth element cannot be met. The allegations that McClure "profusely apologized" would lead one to infer that McClure did not act with malice. Even drawing all inferences in favor of the plaintiff, I cannot say that McClure's actions were carried out with "malicious" intent given the remorse he expressed later. However, it is plausible that McClure's initially charging the plaintiff could have been for a purpose other than bringing the plaintiff to justice.

The defendant argues that the final element of the plaintiff's § 1983 claim is not met because McClure did not "seize" the plaintiff. The plaintiff was already incarcerated when McClure brought charges against him. He remained incarcerated after the charges

---

[18] The Pennsylvania Supreme Court has adopted the Restatement (Second) of Torts § 659. Under this definition of a favorable termination, a plaintiff attacking his conviction can show "the formal abandonment of the proceedings by the public prosecutor…." See Hilfirty v. Shipman, 91 F.3d 573, 579 (3d Cir. 1996) (citing Haefner v. Burkey, 626 A.2d 519, 521 (Pa. 1993)).

were dropped. Under these facts, the plaintiff cannot claim to have suffered a deprivation of liberty from McClure's charges. Without this final element, the plaintiff cannot establish a malicious prosecution claim under § 1983.

### 2. False Arrest/False Imprisonment Claims Also Fail

False arrest and false imprisonment claims under § 1983 serve to remedy unreasonable seizures under the Fourth Amendment. See Groman v. Township of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995).[19] Both are dependent upon a showing that the plaintiff was seized without probable cause.[20] See Garcia v. County of Bucks, 155 F.Supp.2d 259, 265 (E.D. Pa. 2001)(citing Dowling v. City of Phila., 855 F.2d 136, 141 (3d Cir.1988)); Barna v. City of Perth Amboy, 42 F.3d 809, 819-20 (3d Cir. 1994); Orsatti v. New Jersey State Police, 71 F.3d 480, 482-83 (3d Cir. 1995).

Under the facts presented, it is not clear whether there was probable cause for McClure bringing his charges. Regardless, Curry technically was not seized nor detained by McClure. McClure imposed charges *after* Curry was arrested and detained by Yachera. He remained in jail on Yachera's charges after McClure's charges were

---

[19] See also Wallace v. Kato, 549 U.S. 384, 388-89 (2007)("False arrest and false imprisonment overlap; the former is a species of the latter.").

[20] "[F]alse arrest and false imprisonment are essentially the same claim…" Olender v. Twp. of Bensalem, 32 F.Supp.2d 775, 791 (E.D. Pa. 1999)(citing Gagliardi v. Lynn, 285 A.2d 109, 110 (Pa. 1971)("'[F]alse arrest' is synonymous with false imprisonment…")). See also Kokinda, 557 F. Supp.2d at 592-594. A claim for false imprisonment requires a showing of unlawful detention. James v. City of Wilkes-Barre, 700 F.3d 675, 682-83 (3d Cir. 2012). Whether that detention was "unlawful" relates to whether the arrest or seizure of the person was unlawful. See id. at 683; Groman, 47 F.3d at 636 ("[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." (citation omitted)). The lawfulness of the arrest and the subsequent imprisonment stems from whether the arresting officer had probable cause for bringing the charges in the first place. See Garcia v. County of Bucks, 155 F.Supp.2d 259, 265 (E.D. Pa. 2001)(citing Dowling v. City of Phila., 855 F.2d 136, 141 (3d Cir.1988)); Barna v. City of Perth Amboy, 42 F.3d 809, 819-20 (3d Cir. 1994); Orsatti v. New Jersey State Police, 71 F.3d 480, 482-83 (3d Cir. 1995).

dismissed. Without a "seizure" to trigger a Fourth Amendment violation, Curry's false arrest and false imprisonment claims against McClure fail. The § 1983 false arrest and false imprisonment charges against McClure will be dismissed.

### C. Remaining State Law Claims

The claims that remain against the defendants are premised on state law. Section (c)(3) of 28 U.S.C. §1367 provides that a district court may decline supplemental jurisdiction once the federal claims have been dismissed. "[W]hen federal claims are dismissed at an early stage, the exercise of pendent jurisdiction should be declined…" City of Pittsburgh Com'n. on Human Relations v. Key Bank USA, 163 Fed.Appx. 163, 166 (3d Cir. Jan. 24, 2006)(citing Gibbs, 383 U.S. at 726). See also Bright v. Westmoreland County, 443 F.3d 276, 386 (3d Cir. 2006)(citations omitted). I will decline to exercise jurisdiction over the remaining state law claims.

### D. Amendment Would be Futile

The plaintiff has asked for leave to file a second amended complaint if his first amended complaint is dismissed. "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 235–36 (3d Cir. 2004). The defendants argue that leave to amend is futile. I agree.

"[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Heck, 512 U.S. at 489-90. See also Williams v. Consovoy, 453 F.3d 173, 176 (3d Cir. 2006)("In Heck, the Supreme Court held that where success in a § 1983 action would implicitly call into question the validity of conviction or duration of

sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence."). Unfortunately, the plaintiff's time for appealing his conviction has long past. He would be unable to assert a § 1983 cause of action related to his conviction. The Heck bar would remain in place.[21] Amendment would be futile.[22]

## IV. CONCLUSION

From the facts alleged, the charges brought against Mr. Curry and their subsequent consequences do raise a specter of injustice. Given his circumstances, one can understand why he chose to plead nolo contendere to the charges against him, even if he was innocent of those crimes. Unfortunately, § 1983 does not provide him with a legal remedy under Heck and its interpretations in the Third Circuit. While I am sympathetic to his predicament, I am also bound to follow the precedent set forth in this Circuit.

For the foregoing reasons, I will grant the defendants' motion to dismiss for failure to state a claim. The federal claims will be dismissed with prejudice, and I will decline to retain jurisdiction over the remaining state law claims.[23] I will deny the plaintiff's request to amend his complaint.

An appropriate Order follows.

---

[21] The facts surrounding McClure's charges would also not change. He would be unable to assert that McClure "seized" him or deprived him of liberty.

[22] I will note that the facts alleged may state claims under state law. However, this court would not have another basis for hearing those claims. The diversity jurisdiction requirements of complete diversity and amount in controversy do not appear to be met.

[23] Officers Yachera and McClure also argue that the claims against them are barred by principles of sovereign immunity and qualified immunity, respectively. Because I have found that the plaintiff's § 1983 claims are unviable, I have no need to address these immunity arguments.